UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

Trent Baker
Baker & Associates PLLC
358 S 700 E B154
Salt Lake City, UT 84102
801-618-3359 office
801-533-4095 direct line
trent@bakeriplaw.com

*Attorney for Plaintiff, ALFWEAR, INC.*

| | |
|---|---|
| **ALFWEAR, INC.** | |
| *Plaintiff,* | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION** |
| v. | |
| **THE BOURQUIN GROUP LLC** | **JURY TRIAL DEMANDED** |
| *Defendant.* | Civil Action No.   2:17-cv-01010-TS |

Judge Ted Stewart

## COMPLAINT

Plaintiff Alfwear, Inc. ("ALFWEAR") for its Complaint against Defendant The Bourquin Group

LLC ("BOURQUIN") states and alleges as follows:

## THE PARTIES

1. Plaintiff ALFWEAR is a Utah company with a principal place of business at 4884 South 300 West

Murray, Utah 84107.

2. Upon information and belief, Defendant BOURQUIN is a California LLC with its principal place of

business at 16835 Algonquin #427 Huntington Beach, CA 92649.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves claims under the Lanham Act.

4. Venue in this district is proper under 28 U.S.C. §§ 1391 (b) - (c) and 1400(b) because BOURQUIN'S contacts with this jurisdiction are sufficient to subject it to personal jurisdiction in this district.

5. The Court has person jurisdiction over BOURQUIN in this action because BOURQUIN has had, and continues to have, substantial, continuous and systematic contacts with the State of Utah, and thus have purposefully availed themselves of the privilege of conducting activities in this judicial district, thereby invoking the benefits and protections of the laws of the State of Utah.

6. An article of KÜHLTOYS clothing was ordered and received on August 28, 2017 from http://kuhltoys.com/kuhltoys-store-official-logo-gear to Utah via USPS 9274 8999 9821 1149 4549 88 (See Exhibit E).

## BACKGROUND FACTS

7. ALFWEAR has used the marks KÜHL and KUHL ("KÜHL marks") since at least as early as February 1, 1994, and has used the mark KÜHL in interstate commerce since at least as early as February 1, 1994 on or in connection with a wide variety of goods and services.

8. ALFWEAR owns all right, title and interest in U.S. Trademark Registration No. 1,990,375 (See Exhibit A) for the mark KÜHL (words plus design) for "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats in class 25" and "bottled spring water in class 032", which was registered as a trademark with the U. S. Patent and Trademark Office on July 30, 1996.   This registration has since achieved

incontestable status under 15 U.S.C. Sec. 1065.

9. ALFWEAR owns all right, title, and interest in U.S. Trademark Registration No. 3,916,866 (See Exhibit B) for the mark KÜHL (words only) for " Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025 which was registered on February 8, 2011.

10. ALFWEAR owns all right, title, and interest in U.S. Trademark Registration No. 4,441,177 (See Exhibit C) for the mark KUHL (words only) for "Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025, "Lip balm" in International Class 003, and "Bottled water" in international class 032 which was registered on November 26, 2013.

11. ALFWEAR has been selling clothing and other products under the KÜHL marks since it least as early as 1994.   As a result of ALFWEAR's efforts, the KÜHL marks have become famous as indicating a source of ALFWEAR's products.

12. ALFWEAR's annual international sales in association with the KÜHL marks is over 200 million US dollars.

13. BOURQUIN is responsible for and owns all content on www.kuhltoys.com .

14. A notification letter was sent to BOURQUIN on April 13, 2017 regarding the KÜHL's marks and its intent to oppose pending US trademark application number 87385376 limited to "a television show about new technologies" (See Exhibit F).

15. A response letter was received from Mr. Myers on April 25, 2017 acting as legal representative to

BOURQUIN acknowledging receipt of April 13, 2017 letter (See Exhibit G).

16. BOURQUIN began selling clothing in interstate commerce branded with KÜHLTOYS and/or KUHLTOYS on the website www.kuhltoys.com some time after April 13, 2017.

17. A second letter has been sent to BOURQUIN and Mr. Myers notifying them of this legal action and requesting immediate remedy (See Exhibit D).

## CLAIM FOR RELIEF

### Federal Trademark Infringement

18. ALFWEAR repeats and realleges, as though fully set forth herein, the allegations contained in paragraphs 1 through 17 of this Complaint.

19. ALFWEAR, in order to protect its KÜHL marks and put the whole world on notice, filed for and obtained Registration No. 1,990,375 (See Exhibit A) for the mark KÜHL (words plus design) for "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats in class 25" and "bottled spring water in class 032" which was registered as a trademark with the U. S. Patent and Trademark Office on July 30, 1996 and this registration has since achieved incontestable status under 15 U.S.C. Sec. 1065. The mark is valid and subsisting, and the registration has never been cancelled.

20. ALFWEAR, in order to protect its KÜHL marks and put the whole world on notice, filed for and obtained Registration No. No. 3,916,866 (See Exhibit B) for the mark KÜHL (words only) for " Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025, which was registered on February 8, 2011. The mark is valid and subsisting, and the registration has never been cancelled.

21. ALFWEAR, in order to protect its KÜHL marks and put the whole world on notice, filed for and obtained Registration No. No. 4,441,177 (See Exhibit C) for the mark KUHL (words only) for "Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025, "Lip balm" in International Class 003, and "Bottled water" in international class 032 which was registered on November 26, 2013.

22. ALFWEAR's clothing is sold through retailers throughout the United States and in other parts of the world, particularly in retailers that handle quality clothing.

23. ALFWEAR has invested substantial time, effort and financial resources promoting its KÜHL marks in connection with the marketing and selling of its clothing in interstate commerce.

24. The KÜHL marks have become well known through widespread and favorable public acceptance and recognition, as an asset of substantial value as a symbol of ALFWEAR, and its quality products and good will.   The consuming public recognizes the KÜHL marks and associates them with ALFWEAR.

25. ALFWEAR's KÜHL marks are inherently distinctive and famous as applied to ALFWEAR's goods that bear the mark.   The domain name for ALFWEAR's business and one location where its clothing can be ordered is www.kuhl.com.

26. Without ALFWEAR's consent, BOURQUIN has used the word or words KÜHLTOYS in association with various goods and/or services including the sale of clothing.

27. BOURQUIN has engaged in its willful infringing activity despite having actual notice of ALFWEAR's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of ALFWEAR's KÜHL marks.

28. BOURQUIN's actions are likely to lead the public to conclude, incorrectly, that BOURQUIN's goods or services originate with, or are authorized by, ALFWEAR, which will damage both ALFWEAR and the public.

29. Upon information and belief, BOURQUIN has advertised, offered, and sold goods or services in interstate commerce under the KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS brands with the intention of misleading, deceiving or confusing customers as to the origin of BOURQUIN's goods or services while trading on ALFWEAR's reputation and good will.

30. ALFWEAR has requested in writing that BOURQUIN cease and desist from its infringing actions (see Exhibit D).

31. BOURQUIN's unauthorized use of KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause customer confusion, mistake and/or deception.

32. As a direct and proximate result of BOURQUIN's trademark infringement, ALFWEAR has suffered and will continue to suffer loss of income, profits and goodwill, and BOURQUIN has and will continue to unfairly acquire income profits and goodwill.

33. BOURQUIN's acts of infringement will cause further irreparable injury to ALFWEAR if BOURQUIN is not restrained by this Court from further violation of ALFWEAR's rights.   ALFWEAR has no adequate remedy at law.

## Count 2
## Federal Unfair Competition

34. ALFWEAR realleges and incorporates by reference the allegations of paragraphs 17 through 33, inclusive, as though fully set forth.

35. As a second ground for relief, ALFWEAR alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. BOURQUIN's unauthorized use of KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS in association with various goods and services including clothing constitutes a false designation of origin, and/or false representation, that wrongfully and falsely indicates BOURQUIN's goods or services as originating from, or connected with, ALFWEAR and constitutes a use of false descriptions or representations in interstate commerce.

37. BOURQUIN's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

38. As a direct and proximate result of BOURQUIN's unfair competition, ALFWEAR has suffered and will continue to suffer loss of income, profits and goodwill, and BOURQUIN have and will continue to unfairly acquire income, profits and goodwill.

39. BOURQUIN's acts of unfair competition will cause further irreparable injury to ALFWEAR if BOURQUIN is not restrained by this Court from further violation of ALFWEAR's rights.   ALFWEAR has no adequate remedy at law.

## Count 3
## Common Law Unfair Competition

40. ALFWEAR realleges and incorporates by reference the allegations of paragraphs 17 through 39, inclusive as fully set forth.

41. As its third ground for relief, ALFWEAR alleges a violation of common law unfair competition.

42. BOURQUIN's actions of using KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS in association with various goods and services including clothing constitutes common law unfair competition.   ALFWEAR has no adequate remedy at law for damages caused by such common law unfair competition.

## Count 4
## Dilution

43. ALFWEAR realleges and incorporated by reference the allegations contained in paragraphs 17 through 42, inclusive as fully set forth.

44. The KÜHL marks of ALFWEAR are strong and distinctive, have long been used in connection with ALFWEAR's goods on which they appear, have long been the subject of substantial advertising and promotion by ALFWEAR, have been used in advertising throughout the United States, are widely

recognized by customers and those in the trade, are substantially exclusively used by ALFWEAR, and are federally registered as alleged above.  ALFWEAR's KÜHL marks are recognized by the relevant consuming public of the United States as a designation of source for the goods of ALFWEAR and are therefore famous mark(s).

45. The acts of BOURQUIN alleged herein were commenced from a time after ALFWEAR's mark became famous.

46. BOURQUIN has made use of KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS in association with various goods and services including clothing which BOURQUIN has offered in the United States. BOURQUIN's acts are in violation of the Lanham Act Section 43(c) in that they are likely to cause dilution by blurring, or by impairing the distinctiveness, of ALFWEAR's famous KÜHL marks, all to the irreparable injury to, and damage of, ALFWEAR.

47. BOURQUIN's acts are in violation of the Lanham Act, Section 43(c) in that they are likely to cause dilution by tarnishment by harming the reputation of ALFWEAR's famous KÜHL marks, all to the irreparable injury and damage of ALFWEAR.

48. BOURQUIN committed these acts willfully and with the intention to create an association with ALFWEAR's famous KÜHL marks.  BOURQUIN willfully intended to trade on the reputation of ALFWEAR's famous KÜHL marks.  BOURQUIN willfully intended to harm the reputation of ALFWEAR's famous KÜHL marks.

**ALLEGATION OF DAMAGE**

49. By reason of BOURQUIN's acts alleged herein, ALFWEAR has and will suffer damage to its business, reputation and goodwill, and the loss of sales or profits ALFWEAR would have made but for BOURQUIN's acts.

50. BOURQUIN may continue to perform the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to ALFWEAR's irreparable damage.   It will be difficult to ascertain the amount of compensation that would afford adequate remedy for such continuing acts, but such damage is in excess of the jurisdictional amount of this Court.   ALFWEAR's remedy at law is not adequate to compensate it for its injuries threatened.

## PRAYER FOR RELIEF

WHEREFORE, ALFWEAR prays that the Court enter an Order granting the following relief:

a.      Entering a judgment that ALFWEAR's KÜHL marks have been and continue to be infringed by BOURQUIN in violation of 15 U.S.C. § 1114(1);

b.      Entering a judgment that BOURQUIN's use of the phrases KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS in association with various goods and services including clothing constitutes constitute dilution in violation of 15 U.S.C. § 1125(a);

c.      Entering a judgment that BOURQUIN's use of KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS in association with various goods and services including clothing constitutes dilution in violation 15 U.S.C. § 1125(c);

d.      Entering a judgment that BOURQUIN's use of KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS in association with various goods and services including clothing violate common law unfair competition and infringes ALFWEAR's common law trademark rights;

e.      Permanently enjoining and restraining BOURQUIN and each of its agents, officers, employees, attorneys, successors, assigns, affiliates and other persons in privy or active concert or participation with any of them from using the phrases use of KÜHLTOYS, KÜHL TOYS, KUHLTOYS, or any other designation, alone or in combination with other words or symbols, as a service mark, trade

name or otherwise to market, advertise, distribute or identify BOURQUIN's services or goods, where that designation would create a likelihood of confusion, mistake or deception with ALFWEAR's mark;

f.      Pursuant to 15 U.S.C. § 1116(a), directing BOURQUIN to file with the Court and serve on ALFWEAR within thirty (30) days after the issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which BOURQUIN has complied with the injunction;

g.      Pursuant to 15 U.S.C. § 1118, requiring BOURQUIN and all others under BOURQUIN's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS;

h.      Ordering BOURQUIN to remove the use of KÜHLTOYS, KÜHL TOYS, and/or KUHLTOYS from any publications, advertisements, or websites;

i.      Awarding ALFWEAR all damages it sustained as a result of BOURQUIN's acts of infringement, unfair competition or dilution, said amounts to be tripled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

j.      Awarding to ALFWEAR all profits received by BOURQUIN from sales or revenues of any kind made as a result of BOURQUIN's infringing actions, said amount to be tripled, after an accounting pursuant to 15 U.S.C. § 1117;

k.      Awarding triple actual damages and/or profits pursuant to 15 U.S.C. § 1117(b) because BOURQUIN's conduct was willful within the meaning of the Lanham Act;

l.      Awarding ALFWEAR its attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from BOURQUIN's deliberate infringing actions;

m.      Granting ALFWEAR such other and further relief to which the Court may deem just.

DATED: September 7, 2017

Respectfully submitted,

Trent Baker on behalf of ALFWEAR INC.
Trent H. Baker, *attorney for plaintiff*
Utah State Bar No. 8799

BAKER & ASSOCIATES PLLC
Registered Patent Attorney
358 S 700 E B154
Salt Lake City, Utah 84102
Phone 801-618-3359
Fax 801-665-1358
trent@bakeriplaw.com